**Armando Comino SERRANO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–75217.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Armando Comino Serrano and Alma Gloria Rumualdo Garcia, husband and wife and natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals denying petitioners' motion to reopen proceedings following the BIA's affirmance of an immigration judge's denial of their application for cancellation of removal.

Petitioners concede that their motion to reopen was untimely, but contend that the BIA should have *sua sponte* reopened their application to correct a miscarriage of justice and address a significant change in law. Petitioners also allege that they were denied their right to a full and fair hearing in the underlying removal hearing.

■■■ The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because petitioners did not file the motion within ninety days of the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2); *Azanor v. Ashcroft*, 364 F.3d 1013, 1021–22 (9th Cir.2004). We lack jurisdiction to review petitioners' contention that the BIA should have *sua sponte* granted their motion to reopen despite its untimeliness, because the decision of the agency whether to invoke its *sua sponte* authority is committed to its unfettered discretion. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). We will not consider petitioner's remaining contentions, because the contentions do not concern the untimeliness of petitioner's motion to reopen.

**PETITION FOR REVIEW DENIED.**